# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY MCCLURKIN BEY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 18-cv-03142 (APM)<br>) |
| ANDREW SAUL, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Plaintiff Ricky McClurkin Bey, proceeding pro se, seeks reversal of a final decision by the Commissioner of Social Security denying claims for disability insurance benefits and supplemental security income. *See* Pl.'s Mot. for Judgment of Reversal, ECF No. 13 [hereinafter Pl.'s Mot.]. Defendant Andrew Saul, the Commissioner of Social Security, seeks affirmance of the agency's decision. *See* Def.'s Mot. for Judgment of Affirmance and in Opp'n to Pl.'s Mot., ECF No. 14 [Def.'s Mot.]. After a thorough review of the Administrative Law Judge's ("ALJ") ruling and the administrative record, the court grants Defendant's motion for affirmance and denies Plaintiff's motion for reversal.

There is "substantial evidence" in the record to support the ALJ's determination that Plaintiff can work and thus is not disabled. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The ALJ comprehensively considered the record before him and concluded that (1) Plaintiff does not have impairments that meet or equal the heightened criteria in the Commissioner's regulations, Admin. Rec. ("AR"), ECF No. 7, at 25–26[1]; (2) Plaintiff's residual functional capacity allows him

---

[1] The court cites to the pages as numbered in the administrative record.

to do a reduced range of sedentary work, *id.* at 26–29; and (3) Plaintiff is capable of doing past relevant work that he performed in a call center, *id.* at 30. Each of these findings is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Plaintiff raises multiple challenges to the ALJ's findings, but none is persuasive. First, he argues that "the ALJ failed to apply the proper legal standard . . ." Pl.'s Mot. at 3. It is not clear, however, what erroneous legal standard the ALJ purportedly applied. Plaintiff's motion references an "eight step" standard "for assessing a claimant's disability in the context of a continuing disability review," *id.*, but that standard is not applicable here, as the agency's review concerned an initial application for benefits, not a continuing disability review, *see* Def.'s Mot. at 5 n.3. The court finds no error in the legal standard applied by the ALJ.

Next, Plaintiff argues that the ALJ "failed to give controlling weight to my primary care doctor's medical report concerning my disability that can be found in the SSA administrative record on pages 501-517." Pl.'s Mot. at 4; *see also id.* at 3 (asserting that "the ALJ failed to give controlling weight to plaintiff's primary care doctor's lab and medical reports contained in his medical [file], that was forwarded to the SSA concerning his overall medical condition"). The portions of the administrative record cited by Plaintiff are treatment notes reflecting laboratory test results for Hepatitis C. AR 501–17. As Defendant points out, such medical records do not qualify as a "medical opinion" that is accorded weight under agency regulations. *See* 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."); §§ 404.1513(b), 416.913(b) ("A medical opinion is a statement from a

medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the [following] abilities . . ."); *see also* Def.'s Mot. at 9 (collecting cases). The ALJ therefore did not err by declining to give controlling weight to Plaintiff's doctor's "medical report."

Finally, Plaintiff claims that the ALJ should not have relied on the opinion of Dr. Elizabeth Nolte, the consultative examiner, because she "filed a false medical report." Pl.'s Mot. at 3–4. As evidence of falsity, Plaintiff cites Dr. Nolte's titling her report "Internal Medicine Examination," AR 518, when in fact Dr. Nolte performed "an External Medicine Examination . . . which did[ ] not include any lab work or X-Rays of my cervical spine on page-4 of her medical report," Def.'s Mot. at 3. Plaintiff reads too much into the title of Dr. Nolte's report. The "Internal" in the report's title refers to the doctor's medical specialty ("internal medicine"), not whether the examination involved an "internal" (versus "external") diagnostic examination. Plaintiff demonstrates no falsity or inaccuracy in Dr. Nolte's report.

In summary, the ALJ's ruling is supported by substantial evidence and manifests no legal error, and Plaintiff has not shown otherwise. Accordingly, Plaintiff's Motion for Judgment of Reversal, ECF No. 13, is denied, and Defendant's Motion for Judgment of Affirmance, ECF No. 14, is granted. A separate, final order accompanies this Memorandum Opinion.

Dated: December 3, 2019

Amit P. Mehta
United States District Judge